# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**BRYAN K. SWIGER, Administrator**
**of the ESTATE OF LYLE SWIGER;**

      **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　Civil Action No.: 2:20-cv-00117

**A.R. WILFLEY & SONS, Inc.,** *et al.*

      **Defendants.**

## NOTICE OF REMOVAL

TO:　The United States District Court
　　　Southern District of West Virginia

Defendant, J-M Manufacturing Company, Inc. ("J-MM"), by and through undersigned counsel and pursuant to 28 U.S.C. §1332, and 28 U.S.C. §1441, hereby give notice that Civil Action No. 19-C-402, filed in the Circuit Court of Kanawha County, West Virginia and captioned <u>Bryan K. Swiger, Administrator of the Estate of Lyle Swiger, Plaintiff v. A.R. Wilfley & Sons, Inc., et al., defendants,</u> (the "action"), is removed to the United States District for the Southern District of West Virginia. In support thereof, J-MM states as follows:

    1.　Plaintiff filed a Complaint on or about April 26, 2019 in the Circuit Court of Kanawha County, West Virginia having Civil Action No: 19-C-402. Thereafter, on or about January 3, 2020, Plaintiff filed an Amended Complaint. Pursuant to 28 U.S.C. §1446(a), a copy of all process and Complaints served on J-MM and the Civil Docket Sheet is attached hereto as **Exhibit A.**

    2.　Trial of this action was scheduled to commence on February 11, 2020, before the Honorable Ronald E. Wilson.

4852-8238-7124.1

3. Prior to the commencement of the trial, all parties to the action, with the exception of J-MM, Core & Main LP (Core & Main), Mueller Co. LLC (Mueller), and Vimasco Corporation, announced to the settled all claims of the Plaintiff and/or were otherwise dismissed from the action.

## DIVERSITY JURISDICTION
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

4. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds $75,000.00, per plaintiff, exclusive of interests and costs, and the suit is between citizens of different states and is, therefore, removable under the provisions of 28 U.S.C. § 1441, et seq.

5. The Plaintiff is Bryan K. Swiger, individually and as the Administrator of the Estate of Lyle Swiger, deceased. Bryan K.Swiger is a resident of the State of West Virginia See Bryan Swiger Deposition, p. 10:15-17. **Exhibit B**. Decedent, Lyle Swiger, was at the time the original complaint was filed and preceding his death a resident of the state of West Virginia.

6. J-M Manufacturing Company, Inc. is a Delaware corporation having its principal place of business located in California. Therefore, J-M Manufacturing Company, Inc. is not now—and was not at the time Plaintiff's Complaints were filed—domiciled in the state of West Virginia.

7. Core & Main LP is a limited partnership registered in Florida, with its principal place of business in Missouri. It has two general partners: Core & Main Intermediate GP, LLC and Core & Main Midco, LLC. Both, Core & Main Intermediate GP, LLC and Core & Main Midco, LLC, are Delaware limited liability companies with their principal places of business in the state of Missouri. The sole members of both, Core & Main Intermediate GP, LLC and Core

4852-8238-7124.1

& Main Midco, LLC, are individuals who are citizens of the state of Missouri. Core & Mail LP is not now—and was not at the time Plaintiff's Complaints were filed—domiciled in the state of West Virginia.

8. Mueller Co. LLC is a Delaware limited liability company with its principal place of business in Georgia. Its sole member is Mueller Water Products, Inc., which is a Delaware corporation with its principal place of business in Georgia. Mueller Co. LLC is not now—and was not at the time Plaintiff's Complaints were filed—domiciled in the state of West Virginia.

9. Vimasco is a West Virginia corporation and therefore is the only non-diverse defendant. Vimasco has been improperly joined in this action, so the citizenship of this defendant must therefore be ignored for jurisdictional purposes. As detailed below, Plaintiff has no possible claim against the non-diverse defendant, Vimasco. Consequently, its joinder in this action constitutes an improper, wrongful and "fraudulent" joinder under applicable law.

10. This action is part of the West Virginia asbestos litigation wherein Plaintiff alleges that Lyle Swiger ("Mr. Swiger") was exposed to asbestos. Mr. Swiger passed away from pleural mesothelioma on September 24, 2019, and the Complaint was amended to substitute plaintiff Bryan Swiger.

11. Lyle Swiger's original complaint was filed on April 23, 2019—less than one year before the date of the Notice of Removal.

12. The original Complaint named seventy-seven defendants—including Vimasco and also Hornor Brothers Engineers, also domiciled in the state of West Virginia. Accordingly, at the time that the original Complaint was filed it was not subject to removal to this Court.

13. On February 10, 2020, Plaintiff's counsel announced to the Court that all claims had resolved with the exception of J-MM, Core & Main, Mueller and Vimasco—thus announcing the resolution of claims against West Virginia defendant Hornor Borthers and leaving Vimasco as the sole non-diverse defendant.

14. On February 7, 2020, Vimasco filed a motion for summary judgment on the grounds that "Plaintiff has failed to present evidence of Lyle Swiger's exposure to respirable asbestos from a Vimasco product, either directly by hands on use, or by working in the vicinity of others utilizing a Vimasco product." Vimasco's Motion for summary judgment and integrated memorandum in support are attached as Exhibit C.

15. The presiding judge, the Honorable Ronald Wilson, on February 10, 2020, specifically indicated that he was not ruling on Vimasco's pending motion for summary judgment, that there would be four defendants at trial, "but that there would only be evidence put on as to three defendants."

16. On February 10, 2020, Plaintiff also filed a response to Vimasco's motion for summary judgment. However, Plaintiff's response does not raise a genuine issue of material fact. To the contrary, Plaintiff's response, attached as Exhibit D, acknowledges that Lyle Swiger did not identify any products asbestos containing products sold by Vimasco at any of his worksites. Instead, Plaintiff's response wrongfully cites the case of <u>Roehling v. National Gypsum Co. Gold Bond Bldg. Products</u>, 786 F. 2d 1225 (4th Cir., 1986), for the proposition that a plaintiff does not have personal knowledge of the product to which he was exposed. In <u>Roehling</u>, plaintiff could not identify the defendants' products at his worksite, BUT plaintiff had three separate witnesses who testified to defendants' specific products being in plaintiff's work area during his work. Plaintiff herein has not offered any testimony or evidence that Vimasco sold products to any worksite of Lyle Swiger.

Indeed, in the Roehling case cited by Plaintiff, the Court affirmed the summary judgment granted to defendants as to two worksites where plaintiff had no witnesses to identify defendants' products:

> Roehling was unable to identify the products at the DuPont Plant and none of the three witnesses worked there at the same time as Roehling. In addition, Roehling was unable to remember in what area of the Ford Stamping Plant he worked and if asbestos was around him. The witnesses, likewise, were unable to specify where they had worked in the Ford plant. Such evidence clearly fails to place Roehling in close proximity to identifiable asbestos products at these two job sites.

*Roehling*, 786 F. 2d, fn. 3.

17. Under the fraudulent joinder doctrine, diversity cannot be defeated by the presence of an improperly joined non-diverse defendant. The moving party can establish fraudulent joinder by demonstrating there is no possibility plaintiffs would be able to establish a cause of action against the instate defendant. Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); Potter v. Metropolitan Life, 2011 U.S. Dist. Lexis 138602 (S.D. W. Va.).

18. As reflected herein, Plaintiff cannot possibly prevail as to any cause of action against Vimasco. Pursuant to the fraudulent joinder doctrine, this constitutes fraudulent joinder designed to defeat diversity jurisdiction. Because fraudulent joinder exists, this Court is permitted to disregard, for jurisdictional purposes, Vimasco's state of incorporation and principal place of business, assume jurisdiction over the case, dismiss Vimasco and thereby retain jurisdiction. Mays v. Rapport, 198 F.3d 457 (4th Cir. 1999).

19. Complete diversity exists between the remaining parties.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

20. Plaintiff alleges that Lyle Swiger died of pleural mesothelioma due to asbestos exposure. While it is facially apparent that the amount in controversy exceeds $75,000, per plaintiff, exclusive of interest and costs, Plaintiff's demands against J-MM have exceeded that amount. Plaintiff's demand for economic damages alone have exceeded the amount in controversy.

## ALL NECESSARY DEFENDANTS CONSENT TO REMOVAL

21. Core & Main and Mueller—the remaining defendants which were not improperly joined—have given their written consent to this removal which consents are attached as Exhibits E and F respectively. 28 U.S.C. 1446(b)(2).

## J-MM'S REMOVAL IS TIMELY

22. J-MM's removal is timely because the case was not removable to this Court until it was disclosed on February 10, 2020 that all claims against the other parties had resolved and thus the wrongfully joined Vimasco was the sole remaining West Virginia defendant.

23. Venue is proper in this Court pursuant to 28 U.S.C. §1441(a), in that this district and division embraces the place where the action was filed and is therefore pending.

24. Pursuant to 28 U.S.C. § 1446(d) and promptly after the filing of this notice of removal, J-MM will give written notice of this Notice of Removal to all parties in the State Court Action, and J-MM will file a copy of this Notice of Removal with the clerk of the Circuit Court of Kanawha County, State of West Virginia– the court in which the State Court Action was originally filed.

Wherefore, because this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, J-M Manufacturing Company, Inc. hereby removes the action from the Circuit Court of Kanawha County, West Virginia to the United States District Court for the Southern District of West Virginia and respectfully requests that Vimasco be dismissed as a defendant.

Dated this 11th of February, 2020.

        **J-M MANUFACTURING COMPANY, INC.**
        By Counsel

        ROBINSON & McELWEE PLLC

        s/ Mark H. Hayes
        Mark H. Hayes (WV Bar No. 4258)
        Joseph S. Beeson (WV Bar No. 0292)
        Craig S. Beeson (WV Bar No. 10907)
        Robinson & McElwee PLLC
        P. O. Box 1791
        Charleston, WV  25326

        *Counsel for Defendant J-M Manufacturing Company, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**BRYAN K. SWIGER, Administrator
of the ESTATE OF LYLE SWIGER;**
      **Plaintiff,**

**v.**                                                                   **Civil Action No.:** 2:20-cv-00117

**A.R. WILFLEY & SONS, Inc.,** *et al.*

      **Defendants.**

## CERTIFICATE OF SERVICE

I, Mark H. Hayes, counsel for defendant, J-M Manufacturing Company, Inc., does hereby certify that service of the foregoing, NOTICE OF REMOVAL was served upon all counsel of record on this 11th day of February, 2020, "via electronic file and serve."

ROBINSON & McELWEE PLLC

s/ Mark H. Hayes
Mark H. Hayes (WV Bar No. 4258)
Joseph S. Beeson (WV Bar No. 0292)
Craig S. Beeson (WV Bar No. 10907)
Robinson & McElwee PLLC
P. O. Box 1791
Charleston, WV  25326

Counsel for Defendant J-M Manufacturing Company, Inc.

4852-8238-7124.1