IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| BRYAN K SWIGER, ADMINISTRATOR OF THE ESTATE OF LYLE SWIGER;, <br><br> Plaintiff, <br><br> v. <br><br> A.R. Wilfley & Sons, Inc., et al. <br><br> Defendants. | ) Civil Action No.: 2:20-cv-00117. <br> ) <br> ) <br> ) **PLAINTIFF'S EMERGENCY MOTION TO** <br> ) **REMAND AND MEMORANDUM OF LAW** <br> ) <br> ) <br> ) State Court Action Filed: 4/23/19 <br> ) State Court Trial Date: 2/11/20 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' MOTION AND MEMORANDUM TO REMAND**

COME NOW Plaintiff, Bryan K Swiger, Administrator of the Estate of Lyle Swiger, in the above-styled action and respectfully move this Court to issue an order pursuant to 28 U.S.C. § 1447(c) remanding this case to the Circuit Court of Kanawha County, West Virginia, from which it was improperly removed.  Remand is required where, as here, Defendants have failed to comply with the time limitations imposed by 28 U.S.C. § 1446(b). Namely, West Virginia Defendants remain in the pending action and Defendant does not have unanimity from all defendants in this matter for removal.  In support, Plaintiffs state the following grounds:

I.     INTRODUCTION

This is an asbestos-related personal injury action that was filed in state court and belongs in state court. In this Circuit, where a West Virginia defendant has been named and served in a West Virginia state court action, removal jurisdiction based on diversity requires that the West Virginia defendant be dismissed from the case in order to create diversity. J-M Manufacturing Company, Inc. ("J-MM") does not dispute the fact that there still remain nondiverse defendants

in the matter. Instead, J-MM removed the case on the literal eve of trial moments before voir dire based on the false claim that Plaintiff had fully resolved his claims with Hornor Brothers, a West Virginia Defendant, and that Vimasco, also a West Virginia defendant, was fraudulently joined – both claims are provably untrue. Tellingly, J-MM fails to provide this Court with support for either claim.

Defendant J-MM bears the burden of proving that complete diversity exists, and has not done so and cannot as a matter of law do so here. After receiving notice of the removal, the state court judge, Honorable Ronald Wilson, advised the parties that he would hold a jury trial in the matter within 48 hours of remand. Accordingly, and to avoid severe prejudice to Plaintiff and further inconvenience to the state court and to the jury, this case must be immediately remanded.

## II.     STATEMENT OF FACTS AND STATE COURT PROCEEDINGS

Lyle "Eddie" Swiger was a father, grandfather and lifelong resident of Clarksburg, West Virginia. He was diagnosed with pleural mesothelioma on November 13, 2018 and battled this disease for eleven months until his passing on September 24, 2019, at the age of sixty-two.

Trial was set to commence on February 11, 2020. At the time of the filing of this motion, jurors had filled out questionnaires and were processed in the courthouse awaiting the start of voir dire.

As of this time, four defendants remained as active trial defendants—J-MM, Core and Main, Mueller Co., and Vimasco, a nondiverse defendant. Moreover, while we have resolved with Hornor Bros., another nondiverse defendant, such defendant currently remains on the docket and has not been formally dismissed from the action.

More specifically, nondiverse defendant Vimasco manufactured asbestos-containing mastics used in conjunction with asbestos insulation until approximately 1980. Vimasco has admitted in asbestos litigation that it sold asbestos products throughout the State of West Virginia. *See Exhibit A.* Mr. Swiger worked at Flat Glass in Clarksburg, WV from 1977 to 1978

and testified to exposure(s) from similar materials relating his work with furnaces. Vismasco remains active in the case and was present in the courtroom for the start of trial. While J-MM baselessly argues that Vimasco was fraudulently joined in the action, Plaintiff: (1) filed a response in opposition to Vimasco's motion for summary judgment (which has yet to be ruled on by the state court); and (2) provided a demand to Vimasco to settle the action.

With a nondiverse defendant present at trial, Defendant J-MM's motion is clearly an attempt in bad faith to delay the trial in this matter—specifically, through its motion, J-MM sought to have the state court send the jury home and continue the trial in this matter at any cost. Defendant's act has caused immense prejudice to the Plaintiff.

Regarding Hornor Bros., the settlement that relieved Hornor Brothers from having to continue to participate in trial was "done on a hand shake," with further work to be done in terms of finalizing the settlement and release terms, and seeking a dismissal from the Court.

This matter is of emergent nature because the State Court has announced that it is prepared to hold a jury trial within 48 hours of remand of this motion, Plaintiff have seven experts scheduled for testimony, fact witnesses scheduled to testify, and voir dire has begun.  In the event this motion is not granted, Plaintiff reserves the right to supplement this Remand Motion filed under time constraints in an effort to mitigate the delay this frivolous and tactical Removal has caused.

### III.     MEMORANDUM OF LAW

Because this action was initially brought in West Virginia, this Court has a statutory duty to remand these proceedings to state court pursuant to 28 U.S.C. § 1447(c) if any defendant properly joined and served in this action is a citizen of West Virginia.  Jurisdiction over cases removed to federal court is statutorily based (see 28 U.S.C. §§ 1441-1452), and such statutes are strictly construed to limit, not expand, federal jurisdiction.  To show that a nondiverse defendant has been fraudulently joined, "the removing party must establish either: [t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state

defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Evans*, 528 F.Supp.2d 599; *Mayes*, 198 F.3d at 464.[1] "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Evans*, 528 F.Supp.2d 599; *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 423 (4th Cir.1999).

As the this Honorable Court has explained, "Very few fraudulent joinder cases involve actual fraud. Most turn upon the "no possibility of recovery" standard. Courts have applied this rule in the extreme. If the plaintiff demonstrates a mere "glimmer of hope" that its claim will succeed, the jurisdictional inquiry must end and the case by remanded." *County Commission of McDowell county v. McKesson Corporation, et al*., 263 F. Supp 3d 639 (S.D. W. Va. 2017). In fact, the fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Evans,* 528 F.Supp.2d 599; *Mayes*, 198 F.3d at 464. Accordingly, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Evans,* 528 F.Supp.2d 599; *Marshall*, 6 F.3d at 233. The removing party bears the burden of showing that the district court has original jurisdiction. *Evans*, 528 F.Supp.2d 599; *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994). Federal jurisdiction must be rejected if there is any doubt as to the right of removal.

---

[1] *See also, Marshall v. Manville Sales Corp*., 6 F.3d 229, 232–33 (4th Cir. 1993) (In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: "[T]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [T]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts. *B., Inc. v. Miller Brewing Co*., 663 F.2d 545, 549 (5th Cir.1981) (emphasis in original). The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even *233 after resolving all issues of fact and law in the plaintiff's favor. *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir.1992). A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted. 14A Charles A. Wright et al., Federal Practice & Procedure § 3723, at 353–54 (1985)).

Because removal of civil cases from state to federal court infringes state sovereignty, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994*); Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26 (3d Cir.1985). "[F]raudulent joinder claims are subject to a rather black-and-white analysis in this circuit. Any shades of gray are resolved in favor of remand." *Morrison v. Standard Ins. Co.*, No. 2:10–CV–0156. 2010 WL 3703036 *4 (S.D.W.Va. Sept. 16, 2010) (Copenhaver, J.) (rejecting defendant's fraudulent joinder argument because, inter alia, where West Virginia has "recognized a number of equitable modifications regarding the statute of limitations," the court could not conclude "without a doubt" that plaintiff's claims were barred by the statute of limitations). *Burgess v. Infinity Financial Employment Services, LLC*, 2012 WL 399178 (2012).

A. **This case is not removable because nondiverse defendant Vimasco is still active in this case.**

Nondiverse defendant Vimasco is currently active in this matter precluding removal. Plaintiff has actively litigated the case against Defendant Vimasco as evidenced through Plaintiff's Complaint, deposition testimony, and summary judgment motion practice. Plaintiff has a demand for settlement outstanding to this Defendant. In its Removal motion, Defendant improperly attempts to act as if it were the Judge in analyzing the merits of Plaintiff's legal claims against Vimasco. Because removal of civil cases from state to federal court infringes state sovereignty, federal courts must strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir.1994); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26 (3d Cir.1985).

B. **This case is not removable because Hornor Bros., a second nondiverse West Virginia defendant, is still on the docket and not yet dismissed.**

J-MM removed this case pursuant to 28 U.S.C. § 1441; however, pursuant to 28 U.S.C. § 1441(b), a state court action "shall be removable only if none of the parties in interest properly

joined and served as defendants is a citizen of the State in which such action is brought." J-MM's removal petition fails to establish that Plaintiffs voluntarily and unequivocally abandoned their claims against all West Virginia defendants that were properly served in the state court action. Under governing law, settlement alone does not constitute abandonment of the plaintiffs' claims absent an additional act such as dismissal. This is the law in the 4th Circuit and well settled in other Circuits around the country.[2]

The law is clear in federal courts, that merely agreeing to settle rather than proceeding through trial, does not extinguish a defendant from an action where there is no evidence that resolution through settlement has been completed through an executed, binding, and legally enforceable written settlement agreement, and there is no formal order dismissing the settling defendant from the case. This Court has held that "the removability of a case depends on the character of the nondiverse defendant's **dismissal**." (emphasis added) *Arthur v. E.I. du Pont*, 798 F.Supp 367, 368 (S.D. W. Va. 1992). While the *Arthur* Court made a distinction between an "involuntary" and "voluntary" dismissal for the purpose of determining what is and is not appealable (noting that if a dismissal is involuntary, removal is improper), one takeaway is clear:

---

[2] In *Self v. General Motors Corp.*, 588 F.2d 655 (9th Cir. 1978), the Ninth Circuit Court of Appeals followed "the formalistic approach adopted by the Supreme Court" and recognized the well-settled rule that a case nonremovable when commenced can only become removable, based on diversity, when the diversity is created by a voluntary act by the plaintiff. 588 F.2d at 659-660. Cases in California and other jurisdictions explain that the voluntary act necessary to create removal jurisdiction must be an act that "unequivocally effects an abandonment of any resident defendants" (*Schmidt v. Capital Life Ins. Co.*, 626 F.Supp. 1315, 1318 (N.D. Cal. 1986); "an unequivocal act inconsistent with pursuing" the nondiverse defendant (*Blankenberg v. Commercial Insurance Co. of Newark,* 655 F.Supp. 223, 226 (N.D. Cal. 1987); an act that "definitively indicate[s plaintiff's] intention to discontinue the action as to the non-diverse defendant" (*Lesher v. Andreozzi,* 647 F. Supp. 920 (M.D. Pa. 1986); an act showing that "plaintiff has clearly abandoned any claim against" the resident defendant (*Rodenroth v. Firestone Tire & Rubber Co.,* 1987 U.S. Dist. LEXIS 15770 (E.D. Mich. 1987); etc.

a nondiverse defendant must actually be **dismissed** from the case in order for the case to be removable under the theory of diversity. *Id.*[3]

Further examples of federal courts applying these principles precluding removal even with signed settlement agreements include:

- *Ray v. Craig Loftin Trailer Sales*, LLC, 2009 WL 2175971, p. *3 (E.D. Oklahoma, 2009). ("complete diversity does not exist in this case because the settlement reached on behalf of the minor cannot be considered final and binding without a court order.")
- *Dunkin v. A.W. Chesterton Co.* 2010 WL 1038200, *3 (N.D. California, 2010) ("Courts within this District have followed *Mertan* and likewise ruled that a settlement is insufficient to confer removal jurisdiction where the formal dismissal of the non-diverse defendant has not yet been entered.")
- *Roberts v. AW Chesterton, Co.*, 2018 WL 782569, *3 (N.D. California 2008) ("The record before the Court does not establish that binding settlement agreements have eliminated all non-diverse Defendants from the state court action. Consequently, complete diversity did not exist at the time of removal.")
- *Velazquez v. Pajar*, 2014 WL 852523, *4 (USDC, D. Nevada 2014) ("Like the Court in Guerrero, this Court finds that because the settlement agreement was not effective against the claims of the Minor Plaintiffs at the time the Notice of Removal (ECF No. 1) was filed, Defendants Pajar–Morales and Pajar were still parties to the case whose presence destroyed complete diversity.")

In the pending matter, although other defendants reached settlements or agreements to settle with plaintiffs, these are in various stages of completion, and most—including the verbal agreement to a settlement reached between Plaintiffs and Hornor Bros. on Thursday, February 6, 2020—are not irrevocable, binding, nor enforceable under the aforementioned law, and were not

---

[3] *Guerrero v. General Motors Corp.* (N.D. Cal. 2005) 392 F.Supp.2d 1133, General Motors Corporation removed a wrongful death case to federal court, alleging that complete diversity existed because plaintiff had reached "settlements" with non-diverse defendants, The Pep Boys Manny Moe & Jack of California, Redwood City Dodge, and Gene Johnson. 392 F.Supp.2d at 1135. The Court found that because the non-diverse defendants had not been formally dismissed from the action, and because four of the plaintiffs were minors whose claims could not be settled without court approval, the settlement was not legally enforceable and was neither final nor binding on the parties. *Id.* at 1135. In *Mertan v. E.R. Squibb & Sons, Inc.* (C.D. Cal. 1980) 581 F. Supp. 751, 752-753, where the plaintiff "orally in open court settled" with a defendant "whose California State citizenship is uncontested and indeed incontestable," complete diversity did <u>not</u> exist because that defendant had not been dismissed when the case was removed. 581 F. Supp. 751, 753. The U.S. District Court for the Central District of California found that despite the state court's instruction to counsel to prepare and file a proposed written dismissal, the settling party remained in the action because no dismissal had been filed nor ordered at the time the removing defendant filed its Notice of Removal. *Id.* The U.S. District Court stated that "<u>in accordance with such State law and court rules, the written Dismissal is the only effective order the State Court can make or that is legally enforceable.</u>" *Id.* (citing to Cal. Civ. Proc. Code § 581d and Rule 232(h) of the California Rules of Court, emphasis added). Thus, where the state court had neither signed nor filed any such written dismissal, there was "a clear absence of complete diversity" depriving the federal court of jurisdiction over the action. *Id.*

binding at the time J-MM removed this case. Because Hornor Bros. remains in an action that was brought in West Virginia state court, this Court lacks jurisdiction pursuant to 28 U.S.C. § 1441, and the case must be remanded.

### C. **J-MM's removal is procedurally improper as it did not satisfy the rule of unanimity.**

Pursuant to 28 U.S.C. § 1447(c) if the removal is not proper, this Court has a statutory duty to remand these proceedings to state court. All defendants who may properly join in the removal notice must join and if any of them refuses, the action cannot be removed. When fewer than all defendants have joined the notice of removal, the burden is on the removing defendants to explain the absence of the other defendants. *Prize Frize, Inc. v. Matrix (U.S.) Inc.,* 167 F. 3d 1261, 1266 (9th Cir. 1999).

In the pending matter, defendants other than J-MM remain in the case. These defendants remain in the case because they have not yet settled, or completed the terms of settlement, and their presence in the case is undeniable based on the undisputed evidence. Defendant has not alleged that Hornor Bros. or Vimasco have consented to removal. Because J-MM failed to obtain the consent of all the defendants that remain in the case at the time of removal, the removal was procedurally defective, warranting remand.

### IV.   CONCLUSION

By its failure to conclusively demonstrate that all West Virginia defendants have been dismissed or otherwise extinguished from this action, and its complete lack of evidence relating to its baseless claim of fraudulent joinder, Petitioner fails to establish the requisite jurisdiction for removal to federal court. Furthermore, J-MM fails to show receipt of written notice that this case became removable within the past thirty days and fails to show that all remaining defendants consent to or join in the removal.

Despite a clear lack of federal subject matter jurisdiction, J-MM removed this case on the eve of trial in a blatant attempt to delay the commencement of a jury trial where the Court and Plaintiff are ready and prepared to proceed, voir dire was about to commence, witnesses are scheduled to travel for testimony. J-MM engages in this misconduct to game the system and delay just resolution of the Swigers' personal injury case.

This Court lacks subject matter jurisdiction, the action was improperly removed, and the case immediately should be remanded to the West Virginia state court to proceed to trial forthwith.

Dated: February 11, 2020

**RESPECTFULLY SUBMITTED,**

BY: /s/ *John D. Hurst, Esquire*
John D. Hurst, Esq. (WVSB # 10861)
MOTLEY RICE LLC
50 Clay Street, Suite 1
Morgantown, WV  26501
(304) 413-0456

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| BRYAN K SWIGER, ADMINISTRATOR OF THE ESTATE OF LYLE SWIGER;, <br><br>Plaintiff, <br><br>v. <br><br>A.R. Wilfley & Sons, Inc., et al. <br><br>Defendants. | ) Civil Action No.: 2:20-cv-00117. <br> ) <br> ) <br> ) **CERTIFICATE OF SERVICE** <br> ) <br> ) State Court Action Filed: 4/23/19 <br> ) State Court Trial Date: 2/11/20 |

## CERTIFICATE OF SERVICE

  I, John Hurst, counsel for Plaintiff, hereby certify that service of the foregoing PLAINTIFF'S EMERGENCY MOTION TO REMAND AND MEMORANDUM OF LAW has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record on this 11th day of February, 2020.

                **RESPECTFULLY SUBMITTED,**

            BY: /s/ *John D. Hurst, Esquire*
               John D. Hurst, Esq. (WVSB # 10861)
               MOTLEY RICE LLC
               50 Clay Street, Suite 1
               Morgantown, WV  26501
               (304) 413-0456

PLAINTIFFS' EMERGENCY MOTION FOR REMAND TO STATE COURT