# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

BRYAN K. SWIGER, *Administrator*
*of the Estate of Lyle Swiger*,

           Plaintiff,

v.                                          CIVIL ACTION NO. 2:20-cv-00117

A.R. WILFLEY & SONS, INC., et al.,

           Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Notice of Removal* (Document 1) and the *Plaintiff's Emergency Motion to Remand and Memorandum of Law* (Document 3), as well as the attached exhibits. The Court has accepted the allegations contained in the Notice of Removal as true for purposes of this opinion, and therefore finds that a response to the motion is unnecessary, given the time constraints cited by the Plaintiff. For the reasons stated herein, the Court finds that this case must be remanded to the Circuit Court of Kanawha County, West Virginia.

### FACTS

The Plaintiff initiated this action with a *Complaint* (Document 1-1) filed in the Circuit Court of Kanawha County on April 26, 2019, with an amended complaint filed on January 3, 2020. As relevant to removal and remand, the named Defendants include J-M Manufacturing Company, a Delaware corporation with a principal place of business in California, Core & Main LP, a Florida partnership with a principal place of business in Missouri, Mueller Co. LLC, a Delaware company

with a principal place of business in Georgia, Vimasco, a West Virginia corporation, and Hornor Brothers, a West Virginia corporation. The Plaintiff, Brian Swiger, as Administrator of the Estate of Lyle Swiger, is a West Virginia resident. The case "is part of the West Virginia asbestos litigation wherein Plaintiff alleges that Lyle Swiger was exposed to asbestos. Mr. Swiger passed away from pleural mesothelioma on September 24, 2019." (Not. of Rem. at ¶ 10.) The case was subject to special management procedures as part of the West Virginia asbestos litigation.

Vimasco filed a motion for summary judgment on February 7, 2020, asserting that the Plaintiff had not presented sufficient evidence that Mr. Swiger's exposure to asbestos was related to its products. The state court had not ruled on the motion for summary judgment. On February 10, 2020, "Plaintiff's counsel announced to the Court that all claims had resolved with the exception of J-MM, Core & Main, Mueller, and Vimasco—thus announcing the resolution of claims against West Virginia defendant Hornor Brothers and leaving Vimasco as the sole non-diverse defendant." (*Id.* at ¶ 13.) Hornor Brothers has not been formally dismissed from the case and details of the settlement have yet to be finalized. Trial was scheduled to begin on February 11, 2020, and the parties were present in the courtroom for trial when the Defendant indicated it was removing the action.

## STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[1] This Court has original

---

1   Section 1441 states in pertinent part:

>   Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Section 1446(b)(3) provides that "if the case stated by the initial pleading is not removable" defendants may remove within 30 days of receipt of "a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." However, cases may not be removed under Section 1446(b)(3) more than one year after commencement of the action, absent bad faith on the part of the plaintiff. 28 U.S.C. § 1446(c)(1). Further, where a non-diverse party is dismissed from a state action, whether removal is available depends upon whether the dismissal was voluntary on the part of the plaintiff. Only "[i]f the plaintiff voluntarily dismissed the state action against the non-diverse defendant, creating complete diversity," may the action be removed. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988).

---

28 U.S.C. § 1441(a).

3

It is the long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W.Va. Aug. 26, 2009) (Faber, J.) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp. 2d 481, 488 (S.D. W.Va. 2001)). In deciding whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

"The 'fraudulent joinder' doctrine permits removal when a non-diverse party is (or has been) a defendant in the case . . .. This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The Fourth Circuit sets a high standard for defendants attempting to demonstrate fraudulent joinder: "[T]he removing party must establish either: that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or; that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* at 464 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (emphasis in original; brackets removed). Courts may consider the record beyond the

4

pleadings to "determine the basis of joinder" and "whether an attempted joinder is fraudulent." *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) (internal quotation marks and citations omitted).

The Fourth Circuit has described the standard for fraudulent joinder as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Hartley*, 187 F.3d at 424. Furthermore, "all legal uncertainties are to be resolved in the plaintiff's favor in determining whether fraudulent joinder exists" and "courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id.* at 425 (internal quotation marks removed).

The Hartley court went on to explain:

> In all events, a jurisdictional inquiry is not the appropriate stage of litigation to resolve these various uncertain questions of law and fact. Allowing joinder…is proper in this case because courts should minimize threshold litigation over jurisdiction. *See Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 464 n. 13, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980) ("Jurisdiction should be as self-regulated as breathing; ... litigation over whether the case is in the right court is essentially a waste of time and resources." (internal quotation marks omitted)). Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss. The best way to advance this objective is to accept the parties joined on the face of the complaint unless joinder is clearly improper. To permit extensive litigation of the merits of a case while determining jurisdiction thwarts the purpose of jurisdictional rules.

*Id.*

## DISCUSSION

J-M Manufacturing, joined by Core & Main LP and Mueller Co., removed this action on the basis of a statement in court that the Plaintiff had reached a tentative settlement with Hornor Brothers, and their position that Vimasco Corporation's motion for summary judgment should be

5

granted. Neither suffices to eliminate the two non-diverse Defendants as parties for purposes of diversity jurisdiction.

Judge Goodwin has reasoned that "for a case to become removable as a consequence of a settlement between the plaintiff and the only nondiverse party, a defendant must be able to establish with a reasonable degree of certainty that dismissal of the nondiverse defendant is an inevitability." *Allison v. Meadows*, No. 2:05-CV-00092, 2005 WL 2016815, at *3 (S.D.W. Va. Aug. 22, 2005) (Goodwin, J.) Both this Court and Judge Goodwin have found that when court approval of a wrongful death settlement is required pursuant to West Virginia Code Section 55-7-7, dismissal of the non-diverse party cannot be established with a reasonable degree of certainty prior to settlement approval. *See, e.g. Lane v. Konnovitch*, No. 5:16-CV-01245, 2016 WL 2939531, at *3 (S.D.W. Va. May 19, 2016) (Berger, J.); *York v. Prop. & Cas. Ins. Co. of Hartford*, No. 2:12-CV-06582, 2013 WL 5504435, at *5 (S.D.W. Va. Oct. 3, 2013), *aff'd,* 592 F. App'x 148 (4th Cir. 2014) (Goodwin, J.) (distinguishing *Allison* because the state court in a wrongful death case was authorized to reject the proposed settlement). The Defendant's notice of removal does not establish that Hornor Brother's dismissal is an inevitability. It is not supported by a court order or even written settlement agreement, and this case appears to be a wrongful death action, requiring court approval of any settlement.

Vimasco Corporation likewise remains an active Defendant in this matter. The standard for establishing fraudulent joinder is high. The Defendants' position that this Court should resolve a motion for summary judgment, turning on a dispute regarding the factual record, to find Vimasco was fraudulently joined falls laughably short of meeting that standard. Even if Vimasco had *successfully* sought summary judgment, removal is not permissible "if the non-diverse party

has been involuntarily dismissed by order of the state judge" in light of the possibility of an appeal. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988).

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Emergency Motion to Remand and Memorandum of Law* (Document 3) be **GRANTED** and that this case be **REMANDED** to the Circuit Court of Kanawha County, West Virginia for further proceedings.

The Court further **ORDERS** that any motion seeking an award of costs and fees associated with the removal of this action pursuant to 28 U.S.C. §1447(c) be filed no later than **March 6, 2020**. Any such motion shall be accompanied by a calculation of applicable costs, supporting affidavits or other evidence, and associated briefing.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Circuit Court of Kanawha Count, to counsel of record and to any unrepresented party.

ENTER: February 12, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA